UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JEFFREY E. DUNLAP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-cv-007 |
| ) | *Phillips* |
| TONY PARKER, Warden ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Jeffrey E. Dunlap ("Dunlap"). The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and accompanying Order upon the respondent and the Attorney General for The State of Tennessee. However, for the reasons stated below, the respondent shall not be required to file an answer or other pleading to the petition and this action will be **DISMISSED**.

Dunlap, along with co-defendant Michael E. McBee, was convicted by a jury in 1994 of aggravated robbery (two counts). The convictions were affirmed on direct appeal. *McBee v. State*, No. 03C01-9509-CR-00276, 1997 WL 677952 (Tenn. Crim. App. October 31, 1997), *perm. app. denied, id.* (Tenn. June 8, 1998).

Dunlap does not claim to have filed a petition for post-conviction relief, nor does a search of WestLaw indicate that he did so. He did file, in 2004, a state petition for habeas corpus relief, which was denied. *Dunlap v. Parker*, No. W2004-01042-CCA-R3-HC, 2004 WL 1944141 (Tenn. Crim. App. September 1, 2004) (memorandum opinion affirming the denial of habeas corpus relief), *perm. app. denied, id.* (Tenn. December 20, 2004). Dunlap filed the pending federal habeas corpus petition on December 18, 2005.[1]

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Dunlap's conviction became final on September 6, 1998, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court on direct appeal). He therefore had one year from September 6, 1998, within which to file his federal habeas corpus petition.

---

[1] The petition was received by the U.S. District Court for the Western District of Tennessee on December 23, 2005, and transferred to this court. However, Dunlap certifies that he placed the petition in the prison mailing system on December 18, 2005. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

Dunlap claims his federal habeas corpus petition was timely filed, apparently because it was filed within one year of the denial of his state habeas corpus petition. The state habeas corpus petition was filed, however, after the deadline for filing the federal petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

Dunlap's petition for the writ of habeas corpus is barred by the statute of limitation. Since it plainly appears from the face of the petition that Dunlap is not entitled to any habeas corpus relief in this court, the petition for the writ of habeas corpus will be **DENIED** and this action **DISMISSED**. Rule 4 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. A certificate of appealability **SHALL NOT ISSUE** in this action. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Dunlap leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

    s/ Thomas W. Phillips
    United States District Judge